IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KINGVISION PAY-PER-VIEW, LTD.,　　　　　No. C 09-0218 MMC

　　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; VACATING HEARING**

　　v.

JOSE MAXIMILIANO MONTECINOS, et al.,

　　　　　Defendants
　　　　　　　　　　　　　　　　　　　　／

　　　　Before the Court is plaintiff KingVision Pay-Per-View, Ltd.'s ("KingVision") Application for Default Judgment, filed June 9, 2009. Defendants Jose Maximiliano Montecinos and Maria Alicia Montecinos ("the Montecinos") have not filed opposition. Having considered the papers submitted in support of the application, the Court deems the matter appropriate for decision thereon, VACATES the hearing scheduled for July 17, 2009, and rules as follows.[1]

　　　　1. Having read and considered the affidavit of Gary Gravelyn, the declaration of Thomas P. Riley, and having before it the facts stated in the Complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court finds the Montecinos, having no license to do so, intercepted and publicly exhibited, on January 19, 2008, a television broadcast for which KingVision had exclusive distribution rights, in violation of 47 U.S.C. § 605(a). See KingVision Pay-Per-

---

[1] Any request for attorney's fees and costs shall be filed in conformity with the Local Rules of this District. See Civil L.R. 54-4, 54-6.

View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1196-97 (N.D. Cal. 2000) (holding unauthorized interception and broadcast of program for which plaintiff has distribution rights violates § 605(a)).[2]

2. KingVision, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just." See 47 U.S.C. § 605(e)(3)(C)(i)(II). A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants. See KingVision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D. N.Y. 2002). Here, KingVision has not submitted evidence regarding either the amount of losses it incurred or the profits made by the Montecinos. Where the apparent financial benefit to the defendants does not exceed $1000, district courts commonly award a plaintiff statutory damages in the amount of $1000. See, e.g., Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D. Cal. 2000) (awarding $1000 in statutory damages for violation of § 605 where only 13 patrons were present in defendant's establishment and defendant had not imposed cover charge). Here, there being no indication the Montecinos obtained a financial benefit exceeding $1000, the Court finds KingVision is entitled to statutory damages in the amount of $1000.

3. Where a violation of § 605(a) is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," a court may enhance the damages award by up to $100,000. See 47 U.S.C. § 605(e)(3)(C)(ii). For purposes of § 605(a), "willful" means a "disregard for the governing statute and an indifference for its

---

[2] KingVision also alleges the Montecinos's interception of the broadcast constitutes a violation of 47 U.S.C. § 553. See 47 U.S.C. § 553(a) (prohibiting unauthorized interception of "any communications service offered over a cable system"). Where a plaintiff establishes that a defendant has violated both § 553(a) and § 605(a), district courts, in the absence of "unusual or particularly egregious circumstances," have imposed damages under § 605 only. See Backman, 102 F. Supp. 2d at 1197. Here, because no unusual or particularly egregious circumstances have been shown, the Court will award damages under § 605 only. See id. Accordingly, the Court does not reach the issue of whether the Montecinos have violated § 553(a). See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 349 n. 1 (9th Cir. 1999) (noting "[t]here are potentially intricate issues of overlap and distinction" between §§ 553 and 605).

2

1 requirements." See ON/TV v. Julien, 763 F.2d 839, 844 (7th Cir. 1985).  Here, the
2 complaint, whose facts, as noted, are assumed true, alleges the Montecinos, "[with] full
3 knowledge that the [p]rogram was not to be intercepted," nonetheless exhibited the
4 program at a commercial establishment they manage.  (See Compl. ¶¶ 8, 13.)
5 Consequently, the Court finds the Montecinos acted willfully, for commercial advantage,
6 and/or for private financial gain.  To deter future willful violations, enhancement damages in
7 the amount of $5000 will be awarded.  See Joe Hand Promotions, Inc. v. Pete, 1999 WL
8 638215, at *2 (N.D. Cal. 1999) (awarding enhancement damages of $5000 "to deter future
9 piracy of pay-per-view events").[3]

## CONCLUSION

For the reasons stated above, KingVision's application is hereby GRANTED, and KingVision shall have judgment against the Montecinos in the amount of $6000.

**IT IS SO ORDERED.**

Dated:  July 14, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3] In a Supplemental Declaration, filed July 13, 2009 by counsel for KingVision, said counsel asserts the Montecinos are "multiple offenders" and engage in "persistent theft." (See Riley Supp. Decl. ¶¶ 7-8.)  In support of such assertion, counsel relies solely on the fact that a third party, J&J Sports Production Inc., sued the Montecinos in two separate actions, filed, respectively, prior to and subsequent to the instant action.  (See id. Ex. 1.) The respective civil dockets for those two actions, however, do not indicate a determination of the merits of those claims has been made.  Rather, in one such action, the plaintiff voluntarily dismissed its claims prior to any finding on the merits, and in the other, the Montecinos have yet to be served.  (See id.)  Consequently, KingVision's supplemental showing is insufficient to support its claim for further enhanced statutory damages.